# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELDON SEARS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-179-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Weldon Sears requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As set forth below, the decision of the Commissioner should be REVERSED and the case should be REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on November 30, 1946, and was sixty-three years old at the time of the administrative hearing. The claimant's past relevant work is as a diesel mechanic and auto body repairman (Tr. 16). The claimant alleges he has been unable to work since October 15, 1997 because of depression, anxiety, ankle injury, hearing loss, high blood pressure (Tr. 111).

### Procedural History

On April 3, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Deborah L. Rose conducted an administrative hearing and determined the claimant was not disabled in a decision dated March 18, 2009. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had a severe impairment (the result of right ankle injury) but retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §

404.1567(b), *i. e.*, he could lift/carry 10 pounds frequently and 20 pounds occasionally, and stand/walk/sit for 6 of 8 hours in a work day (Tr. 11, 13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because he could perform other work in the national economy, *i. e.*, bench assembler and poultry processor (Tr. 16-17).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly develop the record; (ii) by failing to properly analyze his credibility; and (iii) by failing to properly assess his RFC. Because the ALJ *did* fail to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The medical records that fall within the period in which claimant was insured come exclusively from the Veteran's Administration (VA) Hospital. On July 1, 1998, the claimant reported that he "had to discontinue working in maintenance because he couldn't stand on the concrete floor due to pain in his right ankle" (Tr. 157). Claimant reported at that time that he would start developing "progressive pain" in his right ankle joint after standing for four hours, but the physician noted that he seemed to just have "generalized pain in the right leg and right knee" for which he would occasionally take Tylenol (Tr. 157). A radiology report from x-rays taken on that same day revealed that x-rays of claimant's right ankle revealed a small plantar calcaneal spur and calcification at the attachment of the Achille's tendon, but the findings were otherwise unremarkable (Tr.

164).  On November 23, 2005, the claimant reported continued constant pain in his right ankle, but described it only as a dull ache that is helped by taking Tylenol (Tr. 181).  On May 11, 2006, Dr. Randy O'Connell of the O'Connell Chiropractic Clinic wrote that from 1993 through 2006, claimant's "main problem has always been a lumbar spine problem with arthritic changes that include spinal stenosis, osteophytes with neurological components" (Tr. 310).  However, in a note from the O'Connell Clinic dated February 5, 2002, Dr. O'Connell noted that claimant had sought an evaluation of his right ankle and foot, x-rays had been taken on August 14, 2000 (which revealed a probable fibromyoid fibroma in the distal end of his right fibula), there was edema and palpable tenderness in the right ankle, and that his range of motion in his right ankle joint was "quite limited" (Tr. 419).

The claimant contends, *inter alia*, that the ALJ failed to properly analyze his credibility with regard to the limiting nature of his condition.  A credibility determination is entitled to deference unless there is an indication the ALJ misread the medical evidence taken as a whole.  *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings.  *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987).  But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the

regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's credibility analysis here was the following: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). The problem with this analysis (apart from vagueness) is that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC. The ALJ compounded this error in two ways: (i) despite a lengthy recitation of the evidence (including the testimony of the claimant), the ALJ failed to specify evidence that caused him to disbelieve the claimant; and, (ii) despite reciting the testimony of the claimant's spouse, the ALJ neglected to say if he believed it or not (and explain why) or specify the weight he assigned to it. *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, * 2 ("In addition to evidence from 'acceptable medical sources,' we may use evidence from 'other sources,' as defined in 20 CFR 404.1513(d) and 416.913(d), to show the severity of the individual's impairment(s) and how it affects the individual's ability to function. These sources include, but are not

limited to . . . Spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers.").

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 14th day of September, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma